UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. BECKER, | No. 2:15-cv-2039 DAD P |
| Plaintiff, | |
| v. | ORDER AND |
| TODD RIEBE et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

In his complaint, plaintiff has identified Amador County District Attorney Todd Riebe and Deputy District Attorney Robert Trudgen as the defendants in this case. Plaintiff alleges that the defendants presented false information to the Amador County Superior Court to secure plaintiff's transfer from Corcoran State Prison to the Amador County Jail. As a result of the transfer, plaintiff alleges that he has lost the "work product" he needs to defend against the criminal charge pending against him that the named defendants are prosecuting. (Compl. at 3.)

Plaintiff's complaint fails to state a cognizable claim for relief against the defendants. Specifically, prosecutors are entitled to absolute immunity from liability "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). See also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (prosecutors are entitled to absolute immunity from conduct that takes place in connection with activities "'intimately associated with the judicial phase of the criminal process.'") (quoting Imber, 424 U.S. at 430); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority."); Litmon v. Santa Clara County Superior Court, No. C 05-3065 RMW (PR), 2008 WL 2271601 at *2 (N.D. Cal. May 30, 2008) (deputy district attorney who allegedly "secretly" met with judge and caused judge to order plaintiff's transfer from county jail to state hospital was entitled to absolute immunity).

1    Where, as here, it is clear that granting plaintiff leave to amend his complaint would be
2 futile, the court will recommend that this action be dismissed. See Chaset v. Fleer/Skybox Int'l,
3 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting
4 further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by
5 amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any
6 amendment would be futile, there was no need to prolong the litigation by permitting further
7 amendment.").

**CONCLUSION**

9    IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a
10 United States District Judge to this action.

11    IT IS HEREBY RECOMMENDED that:

12    1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied; and

13    2. This action be dismissed for failure to state a cognizable claim for relief.

14    These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
16 after being served with these findings and recommendations, plaintiff may file written objections
17 with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
19 failure to file objections within the specified time may waive the right to appeal the District
20 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 Dated:  October 8, 2015

```
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

DAD:9
beck2039.56